Michael Schumacher (#262403)
**RIGRODSKY & LONG, P.A.**
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN ROSENBLATT, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICROSEMI CORPORATION, JAMES J. PETERSON, DENNIS R. LEIBEL, KIMBERLY E. ALEXY, THOMAS R. ANDERSON, WILLIAM E. BENDUSH, RICHARD M. BEYER, PAUL F. FOLINO, WILLIAM L. HEALEY, and MATTHEW E. MASSENGILL, <br><br> Defendants. | Case No. _____ <br><br> CLASS ACTION <br><br> **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> JURY TRIAL DEMANDED |

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

## SUMMARY OF THE ACTION

1. This is a class action brought on behalf of the public stockholders of Microsemi Corporation ("Microsemi" or the "Company") against Microsemi and its Board of Directors (the "Board" or the "Individual Defendants"), to enjoin a

proposed transaction announced on March 1, 2018 (the "Proposed Transaction"), pursuant to which Microsemi will be acquired by Microchip Technology Incorporated ("Parent") and Maple Acquisition Corporation ("Merger Sub," and together with Parent, "Microchip").

2.      On March 1, 2018, the Board caused Microsemi to enter into an agreement and plan of merger with Microchip (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, stockholders of Microsemi will receive $68.78 in cash each share of Microsemi stock they own.

3.      On April 19, 2018, defendants filed a Definitive Proxy Statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

7.    Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Microsemi common stock.

9.    Defendant Microsemi is a Delaware corporation and maintains its principal executive offices at One Enterprise, Aliso Viejo, CA 92656. Microsemi's common stock is traded Nasdaq under the ticker symbol "MSCC."

10.    Defendant James J. Peterson ("Peterson") has served as Chief Executive Officer ("CEO") of Microsemi since 2000 and Chairman of the Board of Microsemi since Novemeber 2013.

11.    Defendant Dennis R. Leibel ("Leibel") has served as a director of Microsemi since November 2013. Leibel previously served as Chairman of the Board from July 2004 to November 2013.

12.    Defendant Kimberly E. Alexy ("Alexy") has served as a director of Microsemi since 2016.

13.    Defendant Thomas R. Anderson ("Anderson") has served as a director since 2002.

14.    Defendant William E. Bendush ("Bendush") has served as a director of Microsemi since 2003.

15.    Defendant Richard M. Beyer ("Beyer") has served as a director of Microsemi since 2017.

16.    Defendant Paul F. Folino ("Folino") has served as a director of Microsemi since 2004.

17.    Defendant William L. Healey ("Healey") has served as a director of

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Microsemi since 2003.

18.    Defendant Matthew E. Massengill ("Massengill") has served as a director of Microsemi since 2006.

19.    The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Microsemi (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.    This action is properly maintainable as a class action.

22.    The Class is so numerous that joinder of all members is impracticable. As of February 27, 2018, there were approximately 117,654,447 shares of Microsemi common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.    Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

25.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

27.    Microsemi offers a comprehensive portfolio of semiconductor and system solutions for aerospace and defense, communications, data center, and industrial markets.

28.    Products include high-performance and radiation-hardened analog mixed-signal integrated circuits, FPGAs, SoCs, and ASICs; power management products; timing and synchronization devices and precise time solutions; voice processing devices; RF solutions; discrete components; enterprise storage and communication solutions, security technologies, and scalable anti-tamper products; Ethernet solutions; Power-over-Ethernet ICs, and midspans; and custom design capabilities and services.

29.    On March 1, 2018, the Individual Defendants caused Microsemi to enter into the Merger Agreement.

30.    Pursuant to the terms of the Merger Agreement, stockholders of Microsemi will receive $68.78 in cash each share of Microsemi stock they own.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

31.    The March 1, 2018 press release announcing the Proposed Transaction provides:

> Microchip Technology Incorporated (NASDAQ:MCHP), a leading provider of microcontroller, mixed-signal, analog and Flash-IP solutions, and Microsemi Corporation (NASDAQ:MSCC), a leading provider of semiconductor solutions differentiated by power, security, reliability and performance, today announced that the two companies have signed a definitive agreement pursuant to which Microchip will acquire Microsemi for $68.78 per share in cash.  The acquisition price represents a total equity value of about $8.35 billion, and a total enterprise value of about $10.15 billion, after accounting for Microsemi's cash and investments, net of debt, on its balance sheet at December 31, 2017. . . .

> Following the closing, the transaction is expected to be immediately accretive to Microchip's non-GAAP earnings per share.  Based on currently available information, Microchip anticipates achieving an estimated $300 million in synergies in the third year after close of transaction.  Microchip plans to finance the transaction with approximately $1.6 billion of cash from the combined company balance sheets, approximately $3.0 billion from Microchip's existing line of credit, approximately $5.0 billion in new debt and $0.6 billion of a cash bridge loan.

> The Board of Directors of each company has unanimously approved the acquisition. Subject to approval by Microsemi stockholders, customary regulatory approvals and other closing conditions, the transaction is expected to close in the second quarter of calendar 2018.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

32.    On April 19, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33.    The Proxy Statement omits material information with respect to the

6

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Proposed Transaction, which renders the Proxy Statement false and misleading.

34.    The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor, Qatalyst Partners LP ("Qatalyst").

35.    With respect to the Company's financial projections, the Proxy Statement fails to disclose:  (i) the line items used to calculate unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

36.    With respect to Qatalyst's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose:  (i) the inputs and assumptions underlying the discount rate range; (ii) the estimated net debt of the Company; and (iii) how the dilution factor was applied by Qatalyst in the analysis.

37.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38.    The Proxy Statement also omits material information regarding potential conflicts of interest of the Company's officers and directors.

39.    Specifically, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

40.    Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

41.    The omission of the aforementioned material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:   (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Board; (iii) Certain Company Forecasts; and (iv) Opinion of Financial Advisor.

42.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Microsemi's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Microsemi**

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.   Microsemi is liable as the issuer of these statements.

45.    The Proxy Statement was prepared, reviewed, and/or disseminated by

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Microsemi within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Microsemi and participation in and/or awareness of the Company's operations and/or intimate knowledge of the

9

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Proxy Statement.

55.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1     Dated: April 26, 2018               **RIGRODSKY & LONG, P.A.**

2

3                              By: */s/ Michael Schumacher*
                                 Michael Schumacher (#262403)

4                                  155 Jackson Street, #1903
                                 San Francisco, CA 94111

5                                  Telephone: (415) 855-8995
                                 Facsimile: (302) 654-7530

6                                  Email: ms@rl-legal.com

7                                  Brian D. Long
                                 300 Delaware Avenue, Suite 1220

8                                  Wilmington, DE 19801

9     **OF COUNSEL:**                 Telephone: (302) 295-5310

10    **RM LAW, P.C.**                 Facsimile: (302) 654-7530
     1055 Westlakes Drive, Suite 300        Email: bdl@rl-legal.com

11    Berwyn, PA 19312
     (484) 324-6800

12                                  *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                  12

28    COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934